PHILLIP A. TALBERT
Acting United States Attorney
CHRISTOPHER D. BAKER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICES. | CASE NO. 5:21-sw-00026-JLT<br><br>AMENDED ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICES<br><br>**UNDER SEAL** |

**ORDER**

CHRISTOPHER D. BAKER, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen register and trap and trace devices ("pen-trap devices") on the **TARGET PHONES** described in Attachment A1 and A2, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Homeland Security Investigations and the U.S. Marshals Service of identified individuals in connection with possible violations of 21 U.S.C. §§ 841(a) and 846, conspiracy to distribute and possess with intent to distribute controlled substances.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that Homeland Security Investigations and the U.S. Marshals Service may install and use a pen-trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each

1  communication to or from the **TARGET PHONES** described in Attachment A1 and A2, including the
2  date, time, and duration of the communication, and the following, without geographic limit:
3  - Source and destination telephone numbers;
4  - Source and destination email addresses, when the cellular device exchanges SMS or
5    MMS messages with an email account; and
6  - Any unique identifiers associated with the cell phone device or devices used to make and
7    receive calls with the **TARGET PHONES** described in Attachment A, or to send or
8    receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM,
9    MSISDN, or MIN.

10      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of
11  the foregoing is authorized for sixty days from the date of this Order;

12      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the
13  service provider and any other person or entity providing wire or electronic communication service in
14  the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this
15  Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary
16  to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively
17  and with minimum disruption of normal service;

18      IT IS FURTHER ORDERED that Homeland Security Investigations and the U.S. Marshals
19  Service reasonably compensate the service provider and any other person or entity whose assistance
20  facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

21      IT IS FURTHER ORDERED that the service provider and any other person or entity whose
22  assistance may facilitate execution of this Order notify the applicant and  Homeland Security
23  Investigations and the U.S. Marshals Service of any changes relating to the **TARGET PHONES**
24  described in Attachment A1 and A2, including changes to subscriber information, and to provide prior
25  notice to Homeland Security Investigations and the U.S. Marshals Service before terminating or
26  changing service to the cell phone number;

27      IT IS FURTHER ORDERED that Homeland Security Investigations and the U.S. Marshals
28  Service and the applicant have access to the information collected by the pen-trap devices as soon as

practicable, twenty-four hours per day, or at such other times as may be acceptable to Homeland Security Investigations and the U.S. Marshals Service, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that the service provider and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that the service provider may disclose this Order to an attorney for the service provider for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to Homeland Security Investigations and the U.S. Marshals Service and the service provider upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated:   March 23, 2021

Hon. Jennifer L. Thurston
CHIEF U.S. MAGISTRATE JUDGE

**ATTACHMENT A1 (AT&T)**

The cellular telephones assigned call numbers 661-903-4652, 661-238-5925, 661-300-9320 (**TARGET PHONES**), whose service is provided by AT&T.

**ATTACHMENT A2 (VERIZON)**

The cellular telephones assigned call numbers 209-769-9147 and 209-617-7940 (**TARGET PHONES**), subscribed to by Mayra GALVAN and Randall NEWELL, respectively, and whose service is provided by Verizon.